## North Chicago Street Railroad Company v. Auguste Harms.

1. NEGLIGENCE—*Frightening of Horses.*—In actions to recover damages resulting from the frightening of horses, the fright being the proximate cause of the accident, the burden of proof is upon the plaintiff to show that such fright was the result of the defendant's negligence.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed June 24, 1895.

EGBERT JAMIESON and VAN VECHTEN VEEDER, attorneys for appellant.

GOLDZIER & RODGERS, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee and her daughter were in a buggy facing south and standing on the west side of North Clark be-

North Chicago Street R. R. Co. v. Harms.

tween 150 and 200 feet south of a cross street called Chestnut.

The daughter was standing in the buggy, preparing to get out. A cable track is in North Clark street, and at the crossing of Chestnut the gripman of a south bound car began ringing the gong. The horse reared, and as the car came opposite, backed the buggy against the cars. The buggy was overturned and the appellee injured, for which she has, in this suit, recovered damages.

The only negligence complained of by the appellee either in her declaration or brief, is the ringing of the gong, which is alleged to have been " rung unnecessarily and repeatedly for a long space of time," by which the horse attached to the buggy was scared.

What scared the horse is necessarily mere opinion. The horse had been accustomed to grip cars, being used as a delivery horse from the store of the husband of the appellee, which was on a cable car street, before the door of which store he stood every day without minding the cars.

What the daughter was going to do next, whether she intended to get out of, or had just got into the buggy, no gripman coming toward her could tell.

If it be duty to stop cars running on the streets of Chicago at all times when people are in such positions that they may, before the cars pass, collide with them, the use of cars is impracticable. In a thronged city people can constantly get in the way of each other and into danger. The duty of the gripman would seem to have been to stop, or give notice that the cars were coming. The gong is for the purpose, partly, of giving such notice. It is to be supposed that the driver of a horse attached to a buggy can usually drive the horse forward; but the appellee testified, " I could not make the horse go and he wouldn't stand. I had a whip, but I could not use it. I could not take my whip in my hands. I was right in the box there standing."

It is not necessary to comment at length upon the evidence, either that relating to the ringing or that relating to the handling of the lines by the appellee. The burden was upon the appellee to show the cause of the accident;

the conduct of the horse being the proximate cause of the accident, for the horse backed the buggy against the car; that the cause of the conduct of the horse was the ringing of the gong. This, if fact, could only be inferred. On the one side was the ringing of the gong. On the other, that he was accustomed to such sounds. Then there were the factors of two women in a buggy, one about to get out, and the other holding the lines, and unable to hold a whip. If there was any crossing of lines, or catching under shafts, nobody discovered it. But on the whole it is mere conjecture why the horse suddenly lost his good behavior, and the appellant ought not to be charged with the consequences of his bad behavior, until it is shown that such behavior was provoked by the appellant.

The judgment is reversed and the cause remanded.